UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CATHERINE BREWINGTON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

3:13-CV-0400-LRH-VPC

ORDER

Before the court is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") second motion for partial summary judgment. Doc. #38.[1] Plaintiff Catherine Brewington ("Brewington") filed an opposition to the motion (Doc. #44), to which State Farm replied (Doc. #48).

**I.  Facts and Background**

This is a breach of contract action between Brewington and State Farm for uninsured motorist ("UM") coverage arising from a motorcycle accident that resulted in the death of Brewington's husband, Purdy Brewington ("Purdy").

On August 29, 2012, Purdy and Brewington were riding separate motorcycles along State Highway 49 in Sierra County, California. At the same time, non-party Jerry Godbey ("Godbey") was riding his motorcycle along State Highway 49 in the opposite direction. Godbey, coming

---

[1] Refers to the court's docket number.

around a corner, crossed the center lane and collided with Purdy ejecting both riders from their motorcycles. Brewington, who was riding a little behind Purdy, witnessed the collision and called an ambulance. On the way to the hospital, Purdy died with Brewington at his side. As a result of the accident, Brewington became emotionally distraught and was prescribed various medications and treatment.

At the time of the accident, both Purdy and Brewington were insured under an automobile and motorcycle policy issued by State Farm. After the accident, Brewington submitted a wrongful death claim to State Farm on behalf of Purdy. State Farm extended coverage for Purdy's death in the maximum "each person" amount of $250,000. Brewington also submitted a separate UM claim seeking an additional $250,000 in coverage for her own emotional distress from witnessing the accident. State Farm denied Brewington's separate emotional distress claim.

Subsequently, Brewington filed the underlying complaint against State Farm alleging three causes of action: (1) breach of contract; (2) breach of the implied covenants of good faith and fair dealing; and (3) violation of the Nevada Trade Practices Act, NRS 686A.310. Doc. #1. In response, the parties filed cross-motions for summary judgment on Brewington's breach of contract claim. Doc. ##14, 17. State Farm then filed the present motion for partial summary judgment on Brewington's second and third causes of action. Doc. #38. On September 16, 2014, the court denied State Farm's motion for summary judgment (Doc. #14) and granted Brewington's cross-motion for summary judgment on the breach of contract claim (Doc. #17). Doc. #43.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

    **A.  Breach of Implied Covenants of Good Faith and Fair Dealing**

In her complaint, Brewington alleges that State Farm had no reasonable basis to deny coverage for her separately filed negligent infliction of emotional distress (HNIED") claim. *See* Doc. #1. To establish a prima facie case of bad faith refusal to pay an insurance claim, a plaintiff must show that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage. *Powers v. United Serv. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

///

3

In its motion, State Farm argues that there can be no actionable bad faith claim arising from its decision to decline coverage for Brewington's NIED claim because there was a reasonable basis to deny coverage. The court agrees. At the time State Farm declined coverage, the issue of whether a NIED claim was covered under the "bodily injury" provision of Brewington's State Farm motorcycle insurance policy had not been decided by a Nevada court. Thus, it was an issue of first impression for this court. In analyzing that claim, the court noted that there was competing case law from several jurisdictions supporting both parties' interpretations of the policy. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Connolly*, 132 P.3d 1197 (Ariz. 2006) (holding that defendant's NIED claim constituted "bodily injury" under a similar State Farm insurance policy); *Farm Bureau Ins. Co. v. Martinsen*, 659 N.W. 2d 823 (Neb. 2003) (holding that emotional distress claims are not bodily injuries under a similar insurance policy). Further, although the court ultimately found in favor of Brewington on the coverage issue, the court specifically noted that State Farm's "bodily injury" provision "support[ed] two reasonable interpretations: State Farm's physical injury interpretation and [Brewington's] broad mental injury and sickness interpretation." Doc. #43, p.6.

A reasonable, or good faith, dispute over an open question of law affecting insurance coverage cannot constitute an insurance bad faith claim as a matter of law. As stated in *Powers*:

> "The vital element of the so-called 'bad faith' tort is the insurance company's wrongful conduct, not in merely denying a claim incorrectly and, therefore, without 'proper' cause, but in denying the claim wrongfully, without any reasonable basis or with the knowledge that it is denying a rightful claim. A mere incorrect or 'improper' denial of a claim is not tortious. A company may, in the utmost of good faith and propriety, deny a claim, only to have it proven later, in court, that its denial of the claim was improper and that the claimant was, indeed, entitled to indemnity."

962 P.2d at 620. In other words, if a coverage position by an insurer with respect to a legal interpretation of a policy provision is fairly debatable, a denial of coverage cannot constitute bad faith where there is no contrary, controlling authority in the jurisdiction. *See Bernstein v. Travelers Ins. Co.*, 447 F. Supp. 2d 1100, 1111 (N.D. Cal. 2006). Moreover, sound policy reasons support the right of an insurer to judicially test the meaning of an insurance contract where there is no controlling authority in the jurisdiction. *See Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App. 4th

966 (Cal. App. 4th Dist., 2003) (holding that an insurer is properly "entitled to argue for whatever interpretation of the law and policy language that most benefitted its own interests"). Thus, the court finds that because State Farm had a reasonable basis to deny coverage based on the unique circumstances of this case being an issue of first impression in the State of Nevada, and the fact that there was conflicting jurisprudence supporting both parties' contract interpretations, Brewington's bad faith claim fails as a matter of law.

In opposition, Brewington argues that the fact that State Farm paid another insured on a similar NIED claim prior to its decision to deny her coverage in this action establishes that State Farm's denial of coverage in this case is not reasonable. However, the fact that State Farm paid another insured a similar claim on a different policy is irrelevant and immaterial to this motion. An insurer's failure to dispute a claim in the past does not foreclose its right to dispute a later, similar claim, nor does it constitute bad faith due to alleged inconsistency. *See Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. App. 2006) ("[T]he fact that Farmers previously paid an earlier, similar claim, without more, does not demonstrate bad faith or a breach of good faith. An insurer may withhold payment and litigate any claim as to which the insurer has a reasonable defense. An insurer's failure to dispute a claim when it has the opportunity to do so, does not usually foreclose its right to dispute a later, similar claim, nor does such conduct constitute a breach of its duty of good faith. Insurers are free to make legitimate business decisions (and mistakes) regarding payment . . .") (internal citations omitted). Therefore, the court shall grant State Farm's motion for summary judgment on this issue.

**B. Nevada Trade Practices Act**

In its motion, State Farm also argues that it is entitled to judgment on Brewington's claim for violation of Nevada's Trade Practices Act because Brewington has failed to identify any particular conduct by State Farm that violates the act.

Brewington's third claim for relief alleges that State Farm violated various provisions of Nevada's Trade Practices Act including failing to have reasonable standards for claims

5

investigation, and failing to promptly and fairly settle her NIED claim. However, the court finds that Brewington has failed to identify any specific conduct by State Farm that would support her allegations in this case. For example, in her complaint, Brewington alleges that State Farm did not have reasonable standards for claims investigation, but she fails to provide any evidence to establish in what way State Farm applied the allegedly unreasonable standards to her claim. Further, Brewington alleges that State Farm did not effectuate the prompt and fair settlement of her NIED claim, but this allegation erroneously pre-supposes that her claim was not only valid, but that State Farm had no reasonable basis for the coverage position it took in this action. As the court has already addressed, State Farm had a reasonable, though ultimately incorrect, basis to deny coverage. As such, this claim fails as a matter of law.

Additionally, and most importantly, Brewington has not established that any of the alleged trade practice violations caused her any monetary damage or otherwise jeopardized the merits of her NIED insurance claim. It is undisputed that State Farm made an early determination to deny coverage under a separate "each person" UM limit for her NIED claim. But, State Farm is entitled to have open insurance coverage issues settled by judicial determination. *See Bailey,* 137 P.3d at 1264. Further, Brewington has not alleged any conduct by State Farm that has deprived her of her right to likewise obtain a judicial determination as to the issue of coverage. In fact, the court has already settled the coverage issue in her favor. Therefore, the court shall grant State Farm's motion as to this claim.

///
///
///
///
///
///
///

1    IT IS THEREFORE ORDERED that defendant's second motion for partial summary
2 judgment (Doc. #38) is GRANTED. Summary judgment is entered in favor of defendant State
3 Farm Automobile Insurance Company and against plaintiff Catherine Brewington on plaintiff's
4 second cause of action for breach of the implied covenants of good faith and fair dealing and third
5 cause of action for violation of Nevada's Trade Practices Act.

7    IT IS SO ORDERED.
8    DATED this 30th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE